**GOTTLIEB et al. v. ISENMAN et al.**

**Civ. No. 53-698-S.**

United States District Court,
D. Massachusetts.

Sept. 22, 1953.

Jacob S. Aronson, Boston, Mass., for plaintiffs.

Herbert Burstein, New York City, William Q. Keenan, Boston, Mass., for defendants.

McCARTHY, District Judge.

This is an action to recover a broker's commission. The defendants served notices that the depositions of the plaintiffs would be taken on August 3, 1953, in Boston, and that the deposition of one Bandler would be taken on August 4, 1953 in New York City. A subpoena issued by the United States District Court for the Southern District of New York was served upon Bandler.

Counsel for the plaintiffs moved this court for an order extending the time for the taking of the depositions stating that associate counsel was unavailable. At the hearing on this motion, on agreement of counsel, it was ordered that the plaintiffs be examined in Boston on August 10th and that Bandler be examined on August 11th in New York.

On August 10th the examination of the plaintiffs was begun. On August 11th, however, Mr. Bandler failed to appear as directed, in New York.

The defendants' motion now under consideration asks that the complaint be dismissed, and counsel argues that the Court has the power to take the action requested, under Rule 37 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

■ It is true, as the defendants have argued, that when a *party* refuses to obey an order requiring him to make discovery, the court may take certain steps against the disobedient *party*.

In the case at bar, however, the person who failed to appear before the officer who was to take his deposition, is neither a party, an officer or a managing agent of a party.

■■ The relief which has been requested as against the plaintiffs, must, therefore, be denied. Neither may this court take action against Bandler since his deposition was to have been taken in the Southern District of New York.

The defendants have complained, not without reason, that when plaintiffs' counsel moved the court for the order extending the time for taking the depositions, counsel spoke for the witness Bandler's convenience as well as for the plaintiffs, and a representation was made that Mr. Bandler would be ready and willing to have his examination begun the day following the taking of the depositions in Boston. The plaintiffs well knew the reasons why the depositions were to be taken in a particular order, as did Bandler, and if the plaintiffs were unable to obtain assurance whether the witness would submit to examination the day following plaintiffs' examination, they should have so informed the court or defendants' counsel *before* the examination of the plaintiffs was begun here.

The defendants' rights, I have no doubt, have been abused. A lack of fundamental fairness has been shown, but the defendants must seek the relief available to them as against the recalcitrant witness in the Southern District of New York.

Motion to dismiss the complaint denied.