See also 26 F.R.D. 141.

**LINCOLN LABORATORIES, INC.,**
a corporation, Plaintiff,

v.

**SAVAGE LABORATORIES, INC.,**
a corporation, Defendant.

Civ. A. No. 2220.

United States District Court
D. Delaware.

April 21, 1961.

Edmund D. Lyons (Morris, James, Hitchens & Williams), Wilmington, Del., and John D. Dewey (Cromwell, Greist & Warden), Chicago, Ill., for plaintiff.

Carl W. Mortenson, Wilmington, Del., and William L. Mathis, (Burns, Doane, Benedict, Swecker & Mathis), Washington, D. C., for defendant.

RODNEY, Senior District Judge.

This is a motion under Rule 37(a), F.R. Civ.P. 28 U.S.C. to compel answers to questions propounded on oral examination. The action was instituted in this Court on July 14, 1960. This Court has jurisdiction of the cause of action and of the parties. The oral depositions, including the unanswered questions being the subject of this motion, were taken in Houston, Texas on November 15, 1960. Two witnesses examined and who, on the advice of counsel, refused to answer cer-

tain questions were the President and Vice-president of the defendant corporation.

Rule 37(a) in so far as here material provides:

"If a party or other deponent refuses to answer any question propounded upon oral examination, the examination shall be completed on other matters or adjourned, as the proponent of the question may prefer. Thereafter, on reasonable notice to all persons affected thereby, *he may apply to the court in the district where the deposition is taken* for an order compelling an answer. \* \* \*" (The emphasis here made or hereinafter made have been supplied by the Court.)

The witnesses having refused to answer certain questions, no application was made to the Court in the Southern District of Texas where the deposition was taken, but initial application is made to this Court. This discussion concerns the propriety of such application.[1]

While this motion is made under Rule 37(a), yet the matter not being entirely clear under that Rule, some consideration must be given to the various rules governing depositions without being justly charged with obiter.

There are at least three methods of taking depositions, two by written interrogatories and one by oral examination.

(a) Written interrogatories to witnesses under Rule 31.

(b) Written interrogatories to parties under Rule 33.

(c) Oral examination of "any person" under Rule 30.

Attention must also be given to the character of the deponent, viz., whether he is an ordinary or what may be called "disinterested" witness, or whether he is a party to the litigation or an officer or agent of a corporate party. It is obvious that the court in which the action is pending stands in a different position as to parties, or officers or agents of corporate parties, as to whom it has personal jurisdiction than it does as to "disinterested" witnesses of whom it has no personal jurisdiction, and especially where the deposition is taken in a district other than that in which the litigation is pending.

### Depositions Upon Written Interrogatories.

In depositions by *witnesses* on written interrogatories under Rule 31(d) any protective order is made *by the court in which the action is pending*. In depositions by *parties* on written interrogatories any protective order is made under Rule 33 *by the court* without further identification. The difference in language may, in a measure, be accounted for by the difference between the character of the deponents. In interrogatories to witnesses the interrogatories are answered before a named and described officer who takes and files the deposition. In interrogatories to a party, or an officer or agent of a party, the responses to interrogatories are not made before any designated person but are made directly to the party submitting the interrogatories. In neither case is there any indication that any court other than the court in which the action is pending has any concern with the matter.

A deposition upon oral examination under Rule 30 stands upon an entirely different footing from the preceding.

Prior to the commencement of the deposition a party or deponent named may seek a protective order under Rule 30(b) and this order may operate in a number of ways. This application for a protective order is specifically made to *"the court in which the action is pending."* No other court is mentioned.

1. No pertinent reported case has been found and the authorities one consults with confidence such as Moore's Federal Practice, and Barron & Holtzoff Fed. Prac. are silent upon this question. The annotation in 70 A.L.R.2d 685 does not discuss it. See, however, the Commentary in 5 Fed.Rules Serv. 833, 835.

After the deposition has commenced the rights of the parties take divergent courses under the Rules in so far as the court to which application for relief should be made. During the examination the party or deponent, upon a showing that the examination is being conducted in bad faith or in a manner to annoy, embarrass or oppress the deponent or party, may under Rule 30(d) obtain an order stopping the examination or limiting the manner and scope of such examination. This application under the terms of the Rule may be made *either to the court in which the action is pending or the court in the district in which the deposition is being taken.*

If the order of the court terminates the taking of the deposition, it shall be resumed thereafter only on the *order of the court in which the action is pending.* It will be noted that in this Rule there is no remedy given to the party noticing the deposition either for the failure of the persons noticed to appear and give testimony or the failure or refusal to answer questions. That remedy is given under Rule 37 to which specific attention must now be given.

Rule 37(d) provides that a party, or officer or managing agent of a party, who willfully fails to appear before the officer who is to take his deposition, *the court* on motion and notice may strike out all or any part of the pleading of that party or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party.

It seems obvious that *the court,* as indicated in this section of Rule 37, must mean the court in which the action is pending for no other court should or could have any authority to take the designated action.

Rule 37(a) provides if the party or deponent appears and refuses to answer any question, the examination shall be completed on other matters or adjourned as the proponent of the question may prefer. Thereafter on reasonable notice the proponent of the question *may apply to the court in the district where the deposition is taken for an order compelling* an answer. It will be noted that the only court expressly authorized by the Rule to compel an answer is the *court in the district where the deposition is being taken,* and the present matter before this Court is an application not made to the court in the district where the deposition was being taken, but to this Court in which the litigation is pending.

The language of the Rule is that the proponent of the question "may" apply to the court where the deposition is being taken for an order compelling the answer. The word "may" is usually construed as being used in a permissive rather than compulsory sense, although at times the context may require that it be construed as mandatory in character. In the present case it is possible to construe the word "may" as indicating permissive action on the part of the proponent of the question, i. e., that he might take such action or not as he desires depending upon the views as to the importance of the question and answer. On the other hand, if there be an "inherent jurisdiction" of the parties to the action in the court where the action is pending, then it is possible to construe the word "may" in Rule 37 as giving to the proponent of the unanswered question a speedy, convenient and economical remedy in accordance with the general tenor of Rule 1. This is a sense in which this Court at present construes the Rule.[2] Rule 37(a) gives certain remedies to the court upon the failure of either a witness or party to comply with the order. If the party or witness refuses to answer any question

2. The court in the district where the deposition is being taken is entirely ignorant of the facts of the case or the materiality of the question, and frequently refuses to give either a speedy or careful examination to the application for an order to compel an answer to a question. Indeed, instances have occurred where such court refused to consider the application.

after being directed to do so by the court in the district in which the deposition is being taken, the refusal may be considered a contempt of *that court*. If this witness was a "disinterested witness", the court in the district where the litigation is pending would ordinarily have no jurisdiction over that witness and could not hold him in contempt. If, however, the witness refusing to answer was a party and under the personal jurisdiction of the court where the action is pending, a different status would exist.

This distinction is more fully shown by the "other consequences" that may follow the refusal to answer. These "other consequences" apply only to a party, or an officer or managing agent of a party, and are consequences which could only be invoked by the court in which the action is pending. These "other consequences" could include a limiting of designated claims or defenses or striking out pleadings or rendering a judgment by default. It is obvious that these "other consequences" could not be imposed by any court other than that having jurisdiction of the action itself.

That the court in the district in which the action is pending must and does have some measure of an inherent jurisdiction of parties with reference to discovery process by oral depositions taken in another district, seems to me clear. Rule 37 does not in terms give such jurisdiction, but most of the remedies given to the court in case of refusal to obey an order (those "other consequences" set out in the Rule) are those which only the court of the district where the suit is pending can enforce. Either the jurisdiction exists outside of Rule 37 or the "other consequences" are not enforceable except when the deposition is taken in the district where the suit is pending. That a deposition may be taken in any district in the United States is too clear for discussion. It is expressly provided for by Rule 28.

Indeed, Rule 28 shows rather clearly the inherent jurisdiction herein discussed. If a deposition is taken in another district of the United States under Rule 28 (a), then Rule 37 has application and the court of such district where the deposition is taken can enforce a refusal to answer questions by either witness or party by a contempt proceeding under 37(b). If, however, the deposition of even a party is taken under 28(b) in Canada, Mexico or other foreign country, as it may be, then there is no other court to which any application may be made, and unless the court having jurisdiction of such parties and where the action is pending has some jurisdiction in the matter, then the deposition would remain unanswered.

I am aware of the scholarly article by Professor Rosenberg on "Sanctions to Effectuate Pretrial Discovery", in 58 Columbia Law Review 480. In this article it is contended that Rule 37 is the exclusive authority to enforce pretrial discovery. It is not entirely clear to me that the article in question goes beyond a contention that there is no "inherent authority" in a court to apply sanctions other than those set out in Rule 37 and in the manner there set out. That is not precisely my problem. My problem is to determine whether there is not "inherent jurisdiction" in a court having jurisdiction of the subject matter and of the parties to compel an answer by a party to a proper question in an oral deposition taken in another district, and to apply the sanctions set out in Rule 37 where no express authority is given to that court by that Rule.

In Societe Internationale, etc. v. McGranery, D.C., 111 F.Supp. 435, it was held that independent of the Rules there was an inherent power in the court to impose remedies where a party has failed to comply with the order of the court. The language of the District Court was expressly approved on appeal in 96 U.S. App.D.C. 232, 225 F.2d 532, 538.[3] The

3. This was the same case but under the name of Societe Internationale, etc. v. Brownell.

Court of Appeals, however, held that the particular sanction in that case could be applied under Rule 41(b) apart from Rule 37. Certiorari was denied, 350 U.S. 937, 76 S.Ct. 302, 100 L.Ed. 818. Subsequently and after further proceedings, the Supreme Court granted certiorari and in the same case [4] held that Rule 41(b) was inapplicable and that noncompliance with the production order, as involved in that case, depended exclusively upon Rule 37. Little was said of any inherent power in the court and the case did not involve a deposition taken in another district.[5]

██ I am of the opinion that where a deposition is taken in a district other than that in which the action is pending, the court of the district where the deposition is taken has power to compel an answer to a proper question, and it can enforce such order by contempt proceedings against either a party or a witness. I am also of the opinion that the court where the action is pending and having jurisdiction of the parties has an inherent jurisdiction to compel an answer to a proper question directed to a "party" and, in addition to contempt, can enforce the "other consequences" set out in Rule 37. Of course, the latter court where the suit is pending cannot make or enforce any order as to a *witness* over whom it has no personal jurisdiction. Such was the case of Gottlieb et al. v. Isenman et al., D.C., 15 F.R.D. 88.

The foregoing is based upon the facts and law that appeared at the time of the argument on this motion. At the argument it appeared that the deposition sought to be taken in Texas and where the questions were unanswered, was first noticed to be taken in this District of Delaware where the action is pending. By written stipulation of the parties it was agreed that the deposition should be taken in Texas rather than in Delaware. These facts do not change the views herein expressed. Separate consideration will be given to the propriety of the questions propounded and unanswered. These matters seem to have little of general interest.

---

4. Under the name of Societe Internationale, etc. v. Rogers in 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255.

5. See also First Iowa Hydro Elec. Co-op. v. Iowa-Illinois Gas & Elec. Co., 8 Cir., 245 F.2d 613, 628.