The PLASTIC CONTACT LENS COMPANY, Plaintiff,

v.

GUARANTEED CONTACT LENSES, INC., Dr. Leonard Seidner, d/b/a Quality Optical Company of New York, Dr. Leonard Seidner and Joseph Seidner, Individually and d/b/a Quality Optical Company of New York, John Doe, Richard Roe, Doe Corporation, Inc., and Roe Corporation, Inc., Defendants.

United States District Court
S. D. New York.
Feb. 18, 1964.

1. Brief of Chrysler Corporation, defendant, received December 19, 1963, p. 2.

Karpatkin, Ohrenstein & Karpatkin, New York City, for plaintiff.

Jack Smolen, Flushing, N. Y., for defendants.

BONSAL, District Judge.

Plaintiff, an Illinois corporation with its principal office in Chicago, instituted this action for an accounting and royalties pursuant to a non-exclusive patent license agreement. The principal defendant is Guaranteed Contact Lenses, Inc., a New York corporation and one of plaintiff's licensees.

By order of this Court dated December 5, 1963 the deposition of plaintiff's president, Dr. Wesley, was directed to be taken in Chicago rather than New York. Such deposition was taken in Chicago on December 16, 1963, in the course of which Dr. Wesley refused to answer certain questions.

Defendants now move for an order compelling the answers to these questions, and for attorneys' fees on this motion and travel expenses in attending any resumption of the Chicago deposition.

Plaintiff opposes the motion on the ground that under Fed.R.Civ.P., Rule 37(a) [1] the application to compel answers should be made in the court of the district where the deposition was taken—which would be the Northern District of Illinois. Lincoln Laboratories, Inc. v. Savage Laboratories, Inc., 27 F.R.D. 476 (D.Del.1961) holds that where a deposition of a *party* (as distinguished from a disinterested witness) is taken in another district pursuant to stipulation of the parties, the court of the district where the litigation is pending has inherent jurisdiction with respect to the depositions taken in the other district, at least in the absence of a pending proceeding in the other district under Rule 37(a). In Lincoln the court elaborated at some length on its reasons for so holding, which need not be repeated here. This Court agrees with the holding in Lincoln and believes that there is a stronger case for inherent jurisdiction where, as here, the deposition of a party is taken pursuant to the order of the court where the litigation is pending.

The Court concludes that it may properly pass upon defendants' motion to compel plaintiff, through its president Dr. Wesley, to answer questions propounded at the Chicago deposition. Before doing so, plaintiff will be given 10 days to submit its objections to these questions in writing. Defendants' motion for attorneys' fees and travelling expenses will be considered at the time the Court passes on plaintiff's objections.

It is so ordered.

---

1. Rule 37(a) provides in applicable part:
   "(a) Refusal to Answer.
   "If a party or other deponent refuses to answer any question propounded upon oral examination, the examination shall be completed on other matters or adjourned, as the proponent of the question may prefer. Thereafter, on reasonable notice to all persons affected thereby, he may apply to the court in the district where the deposition is taken for an order compelling an answer."