Steve HULVAT, Plaintiff,

v.

ROYAL INDEMNITY CO., a foreign corporation, and Edward G. Wylie, Defendants.

No. 66–C–131.

United States District Court
E. D. Wisconsin.

Dec. 29, 1967.

Warshafsky & Rotter, Milwaukee, Wis., for plaintiff.

Gibbs, Roper & Fifield, Milwaukee, Wis., for defendants.

## DECISION ON MOTIONS

MYRON L. GORDON, District Judge.

The plaintiff has submitted a number of motions, all arising out of a discovery examination conducted on August 7, 1967, at Lindenhurst, New York, in which the plaintiff attempted to take the oral deposition of Edward G. Wylie, one of the defendants in this action.

The lawsuit is one in which the plaintiff contends that he was injured as a result of the negligent operation of a motor vehicle by Mr. Wylie. The other defendant, Royal Indemnity Co., is Mr. Wylie's insurer.

The plaintiff has moved the court for an order requiring Mr. Wylie, a resident of New York, to appear in Milwaukee for a discovery examination. The plaintiff also seeks to have the defendants assessed with the expenses and attorneys fees incurred by the plaintiff in connection with the proceedings held at Lindenhurst, New York. The movant also seeks to have the record certified to the federal

district court for the eastern district of New York "for appropriate proceedings against attorney Andrew J. Catinella."

## ALLEGED TARDY APPEARANCE AT THE EXAMINATION

In an affidavit annexed to the motions, plaintiff's counsel, Mr. Warshafsky, describes how he presented himself for the discovery examination in Lindenhurst, New York, at a time and place which had been prearranged. Although he claims to have arrived promptly at the time set for the hearing, he avers that Mr. Wylie and his attorney, Mr. Catinella, did. not present themselves for the examination until forty minutes after the scheduled time of the hearing. Mr. Warshafsky's contention is supported by the affidavit of the man who served as the reporter at the discovery examination.

Although not under oath, Mr. Catinella contradicted the timetable which was asserted by Mr. Warshafsky and the reporter. Mr. Catinella contended that he arrived a half hour before the time scheduled for the hearing and at ten minutes after the designated time, he went out for coffee with his client.

The delay in getting the proceedings started might possibly have been an irritant which contributed to the abortive discovery examination; however, such preliminary events have not been established with sufficient clarity to enable the court to permit those preliminary events to be determinative of the several motions now before the court.

## THE REFUSAL TO ANSWER QUESTIONS

Numerous questions propounded to his client were objected to by Mr. Catinella, and in each instance his client was instructed not to answer. In my opinion, a fair reading of this inchoate discovery examination, which consists of about 20 pages, establishes that the objections by defendant's counsel were unwarranted on many occasions; frequently the refusal to allow his client to answer was without substantial justification on the part of Mr. Catinella.

The following portion of the transcript appearing at page 15 thereof demonstrates the type of objection which was interposed:

"Q   And you did make an observation to your left through the sideview mirrors before commencing your pass?

A   Yes.

Q   And you saw nothing in the passing lane?

MR. CATINELLA:   I have given you enough leeway, but now, counsel, I object to the questions because you are leading him.

MR. WARSHAFSKY:   This is an adverse witness.

MR. CATINELLA:   Let me finish for the record. I am going to object to your rephrasing and reiterating the questions and answers. He testified to this. You have your answers for the record.

MR. WARSHAFSKY:   Are you objecting to leading questions?

MR. CATINELLA:   Of course I am objecting to leading questions."

Mr. Catinella persisted in his right to require what he called "straightforward questions" and the effect thereof was to deny to the plaintiff a reasonable opportunity to conduct a proper discovery examination. The position taken by Mr. Catinella regarding leading questions put to an adverse party is contrary to rule 43(b) of the Federal Rules of Civil Procedure.

## VENUE UNDER RULE 37(a)

Rule 37(a) provides in part as follows: "(a) Refusal to Answer. If a party or other deponent refuses to answer any question propounded upon oral examination, the examination shall be completed on other matters or adjourned, as the proponent of the question may prefer. Thereafter, on reasonable notice to all persons affected thereby, *he may apply to the court in the district where the deposition is taken* for an order compelling an answer. * * *" (My emphasis.)

The defendant contends that the words "he may apply to the court in the

district where the deposition is taken" require the plaintiff to submit this motion to the federal district court for the eastern district of New York. At first blush, there would seem to be merit in this contention based on the literal application of the language of rule 37(a). However, two rather recent decisions involving rule 37(a) persuade the court that jurisdiction rests in this court as well as in the federal court for the eastern district of New York. Lincoln Laboratories, Inc. v. Savage Laboratories, Inc., 27 F.R.D. 476 (D.C.1961); Plastic Contact Lens Co. v. Guaranteed Contact Lenses, Inc., 35 F.R.D. 35 (D.C. 1964). In the latter case, the court referred to the *Lincoln Laboratories Case* and concluded, at page 36, that such case:

" * * * holds that where a deposition of a *party* (as distinguished from a disinterested witness) is taken in another district pursuant to stipulation of the parties, the court of the district where the litigation is pending has inherent jurisdiction with respect to the depositions taken in the other district, at least in the absence of a pending proceeding in the other district under Rule 37(a)."

## CONCLUSION

■ Under the authority granted to the court in Rule 30(b), the court concludes that the plaintiff is entitled to a granting of his motion requiring the defendant, Edward G. Wylie, to appear in the city of Milwaukee in the eastern district of Wisconsin for the taking of his deposition in the case at bar. In the court's opinion, such requirement is consistent with the provision of rule 30(b) which authorizes the court to "make any other order which justice requires to protect the party or witness from annoyance, embarrassment, or oppression."

The deposition of Mr. Wylie is to be taken at a time and place in Milwaukee agreeable to counsel for both sides within thirty days from the date of this decision. If an agreeable date cannot be reached between counsel, the plaintiff may apply to this court at the conclusion of such thirty days, and the court will designate a time and place for such deposition shortly thereafter.

Rule 37(a) provides in part as follows:

"If the motion is granted and if the court finds that the refusal was without substantial justification, the court shall require the refusing party or deponent and the party or attorney advising the refusal or either of them to pay to the examining party the amount of the reasonable expenses incurred in obtaining the order, including reasonable attorney's fees."

The plaintiff has moved for such expenses and attorneys fees in the case at bar, and it is the court's determination that the defendants shall be required to pay to the plaintiff the sum of One Hundred Dollars ($100.00) to apply toward his counsel's expenses attendant to taking the deposition at Lindenhurst, New York, and the additional sum of One Hundred Fifty Dollars ($150.00) as attorneys fees in connection with that abortive adverse examination. In the event such payments are not made to the plaintiff or his attorney within thirty days from the date of this decision, the plaintiff shall be free to apprise this court (upon notice to defendants' counsel) of such nonpayment, at which time the court will consider the striking of the answer submitted by the defendants. The plaintiff's application to have expenses and attorneys fees assessed personally against Mr. Catinella will be denied.

The motion to have this record certified to the federal district court for the eastern district of New York "for appropriate proceedings against Attorney Andrew J. Catinella" is to be denied.

Plaintiff's counsel may submit an order for signature after first exhibiting the same to defendants' counsel.