**Jim PALMA and Sara Katherine Palma, Plaintiffs,**

v.

**LAKE WAUKOMIS DEVELOPMENT COMPANY and Lake Waukomis Association, Defendants.**

**No. 17480-1.**

United States District Court
W. D. Missouri, W. D.

Jan. 16, 1970.

William C. Partin, Kusnetzky & Partin, Kansas City, Mo., for plaintiffs.

David R. Clevenger, Platte City, Mo., for defendants.

MEMORANDUM AND ORDER

JOHN W. OLIVER, District Judge.

I.

This litigation pends on several motions and various objections concerning discovery which indicate that both the letter and spirit of the Federal Rules of

Civil Procedure and Local Rule 20 pertaining to discovery have been ignored and violated by counsel in this case. Because some of the questions presented are not explicitly covered in the Court en banc's general memorandum concerning Local Rule 20, copy of which is appended to this memorandum opinion, we deem it appropriate to publish this memorandum opinion for the guidance of the Bar in future cases.

## II.

We turn first to plaintiffs' motion to compel answers to questions propounded upon oral examination. At a deposition examination of an officer of the defendant corporation, counsel for the defendants instructed the deponent not to answer certain questions. The questions have been duly certified. We find that all the questions asked were reasonably calculated to lead to relevant evidence. The witness is therefore required to answer the questions asked and all other questions which may be asked which call for answers that are reasonably calculated to lead to the discovery of relevant evidence.

This case concerns alleged discrimination against plaintiffs with respect to housing because of their national origin. Some of the typical questions to which objections were made are as follows:

QUESTION BY MR. PARTIN: Did he [the President of defendant corporation] make any statements to you, at that time, concerning Mr. Palma?

MR. CLEVENGER: That's objected to for the reason that such a statement or request between officers of a corporation is privileged.

QUESTION BY MR. PARTIN: Mr. Clevenger's objection is for the record. You may answer the question.

MR. CLEVENGER: No, I'm instructing the witness not to answer. It's a privileged communication between officers of the corporation. The record of the corporation speaks for itself.

\* \* \* \* \* \*

QUESTION BY MR. PARTIN: Did Mr. Stouse, in your conversation of May 1, 1969, give you any information regarding Jim Palma's background or history?

MR. CLEVENGER: May I—just a minute. May I inquire as to whether you're addressing it at the meeting— statements made at the meeting?

MR. PARTIN: No, I'm talking about in the telephone conversation prior to the meeting.

MR. CLEVENGER: I'm still raising the question that that is a privilege if it's prior to the meeting. \* \* \*

That's a privileged communication if it was something—as I understand it, you're talking about some telephone conversation that was had between these gentlemen prior to the meeting of May 1st.

MR. PARTIN: Right. I'm talking about the telephone—

MR. CLEVENGER (Interrupting): I'm saying that I think that's a privileged communication. I'm raising that issue, and the same instruction to the witness as I had heretofore given.

\* \* \* \* \* \*

QUESTION BY MR. PARTIN: Did Mr. Stouse call the meeting to order?

THE WITNESS: Yes.

QUESTION BY MR. PARTIN: Did he make any statement to the meeting of the purpose of the meeting or what was to be discussed?

MR. CLEVENGER: Just a minute. Now, I object to that for the reason that the minutes speak for themselves and that this is—this question now is one of attempted impeachment of the record, and the witness is instructed not to answer.

\* \* \* \* \* \*

QUESTION BY MR. PARTIN: Now, I'm talking about the statements that were made while the meeting was recessed.

MR. CLEVENGER: And I—the same objection and the same instruction to those last questions, sir.

MR. PARTIN: What privilege are you claiming?

MR. CLEVENGER: I am claiming the privilege of—well, I believe I'll say that to the Court. I'm saying that it is a privileged communication as between officers of a corporation what transpired—the record speaks for itself. You are now trying to impeach the record, and for that additional reason I object, and we'll let the Court pass upon that.

\* \* \* \* \* \*

QUESTION BY MR. PARTIN: Mr. Burke, wasn't the actual purpose of this meeting to exclude Mr. Palma because of his supposedly objectionable reputation, characteristics, and history?

MR. CLEVENGER: That's objected to as not pertaining to any issues in this case. It is now calling for a matter that is beyond this record. The record itself speaks for itself, and this is merely an attempt to impeach that record.

I'm afraid the Court is going to have to rule it. I'm instructing him not to answer.

\* \* \* \* \* \*

QUESTION BY MR. PARTIN: \* \* Do you—you've told me that the meeting was called to discuss buying this Lot 29 B, and you've also said that Mr. Palma's name came up and was discussed. And I—I don't quite understand, what was the point of his name being brought up if you were talking about buying the property for a profit?

MR. CLEVENGER: Same objection and same instruction. This is all going toward the same thing. It's a question of asking a privileged communication as to officers. You're asking for actually an impeachment of the record. I think the Court is going to have to determine these things. Rule 26(b) of the Rules of Civil Procedure states:

It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence.

All of these questions are questions which might well lead to the discovery of admissible evidence in the context of this litigation. The objections were without foundation and were calculated only to delay the deposition and to cause additional burden and expense to the opposing counsel.

■■ Defendants rely upon only two cases to support their claim of privilege. Neither case (Ramsdell v. National Rivet & Novelty Co. (W.Va.1900, 104 F. 16; and Stephenson v. Marshall, (1952) 104 F.Supp. 26, 13 Alaska 657) has anything to do with the question presented. The privileges claimed are non-existent. The motion that corporate records cannot be impeached is obviously untenable.

During the deposition plaintiffs' counsel asked defendants' counsel what privilege was being claimed. Defendants' counsel refused to answer, stating that "I'll say that to the Court." He has not done so. When Judge Aldrich was confronted with a not dissimilar situation in Johnstone v. Campbell, (D.Mass., 1959) 23 F.R.D. 234, he speculated that defendant's counsel may have "confused the conditional privilege which is part of the subtantive law of libel with some imagined privilege not to disclose information a witness desires to keep confidential." Perhaps the same thing could be said in regard to the position taken by defendants' counsel in this case. Regard-

less, we find and conclude that no privilege exists in this case. It is therefore necessary to consider appropriate relief under the circumstances.

Rule 37(a) of the Federal Rules of Civil Procedure provides that "[I]f the motion [to compel an answer] is granted and if the court finds that the refusal was without substantial justification *the court shall require* the refusing party or deponent and the party or attorney advising the refusal or either of them to pay to the examining party the amount of the reasonable expenses incurred in obtaining the order, including reasonable attorney's fees." (Emphasis ours.)

As we have stated, the circumstances require that we find that the witness' refusal to answer and defendants' counsel's instruction to him were clearly without "substantial justification" within the meaning of Rule 37(a). That rule imposes a mandatory duty upon the Court to impose the sanctions therein provided.

██ We therefore shall require the defendants and defendants' counsel to pay to the plaintiff the amount of the reasonable expenses incurred in obtaining the order, including reasonable attorneys' fees. See Gibbs v. Blackwelder, 346 F.2d 943 (4th Cir. 1965); Braziller v. Lind, 32 F.R.D. 367 (S.D.N.Y.1963); and Hulvat v. Royal Indemnity Co., 277 F.Supp. 769 (E.D.Wisc.1967).

The amount of expenses and attorneys' fees determined to be reasonable in this case is small because no claim of bad faith or pattern of repetitious conduct is involved. The principle involved, however, is of paramount importance. Consistent failure or adamant refusal to comply with the discovery rules of the Federal Rules of Civil Procedure and with the Local Rules of this Court would require more stringent application of the sanctions provided therein. Judge MacMahon, in a not dissimilar case, appropriately stated the following in Shapiro v. Freeman, (S.D.N.Y.1965) 38 F. R.D. 308 at 312:

> The Federal Rules of Civil Procedure were designed as an affirmative aid to substantive justice, and those who choose to read them restrictively do so at their peril. It is time that depositions be conducted by members of the bar in a cooperative manner, in accordance with both the letter and spirit of the rules, without petty bickering and without intervention by busy courts with more important matters pressing for attention. It is clear to us that plaintiffs' attorney has no conception of his obligation to observe the rules "as an officer of the court" or otherwise. Rather, he appears to be bent on concealing vital facts or, at best, waging a war of delay, expense, harassment and frustration. There is no justfication for his conduct, no basis at all for his instructing the deponents not to answer. As a result, the cooperative atmosphere envisaged by the federal rules has been poisoned by antagonism.

It should be obvious that if future discovery in this case, by deposition or otherwise, should present a repetition of circumstances similar to those presented by the pending motion, a more stringent sanction may be deemed appropriate.

### III.

Plaintiffs, on December 8, 1969, filed inappropriate objections and suggestions in support of those objections, to defendants' interrogatories 1, 7, 8, 9, 10, 11, 12, 13, 16, 17, 18 and 24, which had been filed on November 25, 1969. The cases cited in plaintiffs' suggestions are factually distinguishable from this case because of the differences in the nature of the causes of action. The interrogatories are reasonably calculated to lead to relevant evidence and the objections to them are overruled. Plaintiffs' objection to the single interrogatory filed December 22, 1969, is supported by a

**370**

single inapplicable decision of the Supreme Court of Missouri, State ex rel. Hof v. Cloyd (Sup.Ct.Mo. en banc, 1965), 394 S.W.2d 408. It is no secret that the broad view taken by this Court in regard to discovery is not always consistent with that taken by other courts. See United States v. Purdome (W.D.Mo., 1962), 30 F.R.D. 338. See also, for a most recent example, Jack Boring Kansas City Appliance Co., Inc. v. Home Insurance Co., No. 17539-3, unreported, January 9, 1970, in which Chief Judge Becker overruled the same objection made by plaintiff to the December 22nd interrogatory.

The interrogatories are reasonably calculated to lead to the discovery of admissible evidence and should be answered. The objections are without merit.

For the reasons stated it is

Ordered that the witness answer each of the certified questions and any other questions asked him in which his testimony would be reasonably calculated to lead to the discovery of admissible evidence. It is further

Ordered that the defendants or defendants' counsel pay to plaintiff the sum of $121.25 to cover the cost of transcribing the certified questions and to pay plaintiffs' counsel a reasonable attorneys' fee of $100.00 for obtaining this order. It is further

Ordered that in the event such payment is not made within ten (10) days from the date of this order, plaintiff shall be free to apprise this Court (upon notice to defendants' counsel) of such nonpayment, at which time the Court will consider the striking of defendants' answer. It is further

Ordered that plaintiff shall within ten (10) days answer defendants' interrogatories 1, 7, 8, 9, 10, 11, 12, 13, 16, 17, 18 and 24, filed November 25, 1969, and the single interrogatory filed December 22, 1969, plaintiffs' objection to which being hereby overruled.