**WHITEHOUSE INVESTMENTS LIMITED, Plaintiff,**

v.

**Stanley BERNSTEIN, Jacob Kozloff, Clinton A. Jones, Caribbean-American Investment Co., Inc., Sol Karpman, William Kozloff, Marie Pigalle, Inc. and Bertram D. Fisher, Defendants.**

**No. 70 Civ. 1778.**

United States District Court,
S. D. New York.

Oct. 27, 1970.

Kantor, Shaw & Ryan, New York City, for plaintiff; Donald Shaw, New York City, of counsel.

Kronish, Lieb, Shainswit, Weiner & Hellman, New York City, for defendants Kozloff, Jones and Caribbean Investment Co., Inc.; Reginald Leo Duff, David N. Ellenhorn, New York City, of counsel.

Shermet, Eliasberg & Bzura, for defendant William Kozloff; Milton Shermet, New York City, of counsel.

Bertram D. Fisher, pro se and for Bernstein, Karpman and Pigalle.

## MEMORANDUM

TENNEY, District Judge.

Defendants Caribbean-American Investment Co., Inc., Jacob Kozloff, and Clifford Jones move pursuant to Fed.R.Civ.P. 53(e) (2) for an order modifying the Report of Special Master Martin D. Jacobs, dated October 2, 1970, and approved by this Court on October 5, 1970 "by deleting * * * [from said report] the recommendation that objections ## 46 and 60 through 70, inclusive, be overruled * * *." [1]

■ After reviewing the affidavits and exhibits submitted by movants and reconsidering the carefully prepared and well reasoned Report of the Master, I am persuaded that it would be best to allow the report to stand as approved except that the order is hereby modified as consented to by plaintiff to permit the defendant Jacob Kozloff to respond to the allowed questions in writing.[2]

Defendants, along with defendant William Kozloff, further move pursuant to Fed.R.Civ.P. 37(a)(4) for an order awarding them reasonable expenses and attorneys' fees because of plaintiff's alleged improper commencement of certain motions. Before considering the merits of movants' position, a brief summary of the tedious history of the instant lawsuit would appear appropriate.

On August 11, 1970, this Court prepared and signed an endorsement, which was thereafter annexed to plaintiff's order to show cause dated August 10, 1970, staying for two weeks all proceedings with respect to defendants' pending motions to dismiss so as to permit plaintiff to complete depositions relative to such motions. If the purpose and scope of this order was not made clear by the written endorsement, it certainly should have become apparent during the ensuing colloquy between Court and counsel when I indicated that the motions to dismiss were being stayed for two weeks, solely to provide plaintiff with enough

1. Def. Notice of Motion at 1 (dated Oct. 6, 1970).

2. Affid. of Donald H. Shaw, in Opposition to Motion to Modify Report of Special Master and to Order Plaintiff to Pay Attorneys' Fees, at 6 (dated Oct. 14, 1970).

time to complete any discovery necessary to defend against the motions.

Shortly thereafter, the parties informed the Court that a dispute had arisen concerning the scope of discovery intended to be permitted by the August 11 order, and requested that reference be accepted on various motions in order to determine whether they required or related to an interpretation or elaboration of said order. On September 23, 1970, another endorsement was prepared by the Court, specifically indicating that reference would be accepted only on two of plaintiff's motions commenced under Fed.R.Civ.P. 37. Reference on three other motions was not accepted, except that since plaintiff requested in one of these motions that questions unrelated to the issue of jurisdiction be answered, it was ordered that the depositions be conducted in accordance with the limitations noted in the endorsement entered that day.

The two Rule 37 motions that reference was accepted on sought to compel certain of the defendants to answer numerous questions propounded to them on their respective examinations before trial and to compel the production of numerous documents for plaintiff to inspect. It appears that one hundred and three questions were posed to defendant Jacob Kozloff, fifty-six to Sol Karpman, and thirty-two to William Kozloff. In addition, the defendants were requested to furnish plaintiff with approximately twenty-five classes or categories of documents. These two motions were referred by me to the Special Master to Report and Recommend, with specific instructions that discovery be limited to matters relative to the district court's jurisdiction over the underlying action. Deci-

sion on the then-pending requests by all parties for costs and counsel fees pursuant to Fed.R.Civ.P. 37 was specifically reserved and, after having provided an opportunity for a hearing as required by said rule, will be decided herein.

Prior to determining whether or not an award of costs and counsel fees is appropriate herein, a few additional observations should be made.

First, it should be noted that while plaintiff's Rule 37 motions sought to compel answers to one hundred and ninety-one questions and demanded production of voluminous documents, the Master recommended that only nineteen out of the one hundred and ninety-one questions be answered and that very few of the documents be produced.[3]

While such a pitifully low "batting average" would not, by itself, justify the imposition of costs and counsel fees, it should also be noted that plaintiff apparently intended to disregard this Court's August 11 order, since one of its other motions specifically requested that "questions * * * unrelated to the issue of jurisdiction" be answered.[4]

It further appears that plaintiff has never, as required by General Rule 9(f) of this court, filed an affidavit attesting to his good faith attempt to dispose of the issues without judicial intervention. On the contrary, it appears that one day prior to this Court's hearing argument on the referred motions, plaintiff's counsel telephoned each of the respective defense attorneys and in effect insisted that each of the one hundred and ninety-one questions be answered. Even assuming that defense counsel was recalci-

3. Report of the Special Master (dated Oct. 2, 1970 and confirmed Oct. 5, 1970). More specifically, the Master recommended that twelve out of one hundred and three questions be answered by defendant Jacob Kozloff, seven out of fifty-six by defendant Sol Karpman, and none out of ·

thirty-two by defendant William Kozloff. With regard to the production of documents, plaintiff's "batting average" was correspondingly low.

4. Pltf. Notice of Motion Pursuant to Fed. R.Civ.P. 37 (dated Sept. 3, 1970).

trant in responding to plaintiff's attempts to resolve the dispute, Rule 9(f) still burdens the moving party to make an affirmative effort to either settle or narrow the issues in dispute. Moreover, a telephone call to one's adversaries, one day prior to oral argument and after extensive opposing papers have been prepared, and served to lengthy and practically unbriefed motions to compel answers and produce documents, could hardly justify filing an affidavit claiming that a good faith attempt to extrajudicially dispose of the issues has been made.

That plaintiff has unjustifiably burdened both the Court and counsel is manifest from the Report of the Special Master. As indicated by Mr. Jacobs "plaintiff in its depositions and requests for documents * * * proceeded on the assumption that its discovery * * [was] not limited to 'jurisdictional questions' * * *." [5] It additionally appears that plaintiff's moving papers were inexcusably silent as to both why its questions were proper and why the documents were producible. On the other hand, counsel for defendants Caribbean-American Investment Co., Inc., Jacob Kozloff, and Clifford Jones submitted meticulously prepared papers in opposition, which neatly indexed and scheduled each item in dispute between his clients and plaintiff. This impressive sixty-seven page affidavit, accompanied by a memorandum of law, clearly outlined the issues in dispute and demonstrated that "most of the disputed questions and the requested documents inquire[d] into matters beyond the limited jurisdictional areas." [6] Finally, it also appears that many of the questions asked had previously been answered.[7]

Having this background in mind, we now turn to consider amended Rule 37 (a) of the Federal Rules of Civil Procedure. Effective July 1, 1970, Rule 37 was amended and subdivision (a)(4) thereof, in pertinent part, now provides:

> "*Award of expenses of motion.* If the motion is denied, the court shall, after opportunity for hearing, require the moving party or the attorney advising the motion or both of them to pay * * * the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.
>
> If the motion is granted in part and denied in part, the court may apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner."

The notes of the advisory committee to this amendment suggest that under subdivision (a) (4) the Court award "expenses * * * unless the conduct of the losing party * * * is found to have been substantially justified." [8] The manifest purpose of the amendment is to "deter the abuse implicit in carrying on or forcing a discovery dispute to court when no genuine dispute exists." [9] The committee wisely reminds us that the imposition of expenses is the sole formal sanction available to deter a party from unjustifiably seeking judicial intervention in discovery disputes and urges that this sanction be used, if necessary, in order to deter abusive resort to the judiciary. Finally, the committee notes that, absent justification, "expenses should ordinarily be awarded".[10]

---

5. Report of the Special Master, *supra*, at 5.

6. *Id.* at 6.

7. *Id.* at 7.

8. 4 J. Moore, Federal Practice ¶ 37.01 [6] at 2811 (2d ed. 1970).

9. *Id.* at 2812.

10. *Id.*

Thus, when we collectively consider the confessed purpose of the amendment and the facts that plaintiff has been in continuous default of General Rule 9(f) of this court, has openly attempted to conduct discovery beyond that previously ordered, has made two "blunderbuss" motions to compel answers to questions and the production of documents (which motions were also found to be beyond the scope of previously authorized discovery), and has unjustifiably burdened defense counsel to prepare extensive and detailed papers in opposition to these motions, it is obvious that the motions were not "substantially justified" within the meaning of amended Rule 37.

Accordingly, and for the foregoing reasons, the Court awards one hundred dollars ($100) in costs and reasonable attorney's fees in the amount of four hundred dollars ($400) [11] to the attorney for defendants Caribbean-American Investment Co., Inc., Jacob Kozloff and Clifford Jones,[12] to be paid by the plaintiff herein. All other applications for similar relief are denied.

So ordered.

11. Certainly an award in at least this amount is justified, since it appears from the affidavit of Reginald Leo Duff, Esq., dated Oct. 22, 1970 (the accuracy of which the Court has no reason to doubt), that the costs incurred in defending plaintiff's various motions were approximately $8,400.00 in "billing time", $150.00 in Xerox charges, and $34.00 in overtime paid to secretaries. It further appears that in connection with the above indicated costs Mr. Duff was required to expend a total of approximately 140 hours and apparently is charging at the rate of $60.00 per hour.

Since there is little precedent under amended Rule 37 to guide the Court, it is worthwhile to note that the decision reached herein is based upon the cumulatively unjustifiable actions of plaintiff and is in no way intended to have a "chilling effect" upon an attorney's right to pursue legitimate discovery. That is, no precedent is intended to be set which would dissuade an attorney from diligently pursuing that discovery to which he believes he is entitled or justifiably resorting to this or any other court of coordinate jurisdiction in order to settle legitimate and earnest disputes occasioned thereby.

12. Since it is apparent that Mr. Duff, the attorney for these defendants, has "carried the ball" throughout these proceedings and has been the one substantially and unjustifiably prejudiced thereby, the Court has limited its order accordingly.