**Mrs. Lewis W. HAMILTON, Plaintiff,**

**v.**

**MOTOROLA, INC. et al., Defendants.**

**Mrs. Lewis W. HAMILTON, Plaintiff,**

**v.**

**The DYGHTON CORPORATION, Defendant.**

**Mrs. Lewis W. HAMILTON, Plaintiff,**

**v.**

**ECONO–CAR INTERNATIONAL, INC. et al., Defendants.**

**Civ. A. Nos. 75–0232, 75–1449 and 75–1866.**

United States District Court, District of Columbia.

Sept. 10, 1979.

**550**

Paul Martin Wolff, Williams & Connolly, Washington, D. C., for plaintiff.

Edward C. Donahue, Rockville, Md., for defendants Motorola, Inc. and James A. Brown and intervenor-plaintiff, Gloria Brown.

Reid C. Tait, Washington, D. C., for defendant Dyghton Corp.

Robert L. Chernikoff, Asst. Corp. Counsel, Washington, D. C., for third-party defendant District of Columbia.

Stuart M. Gerson, Washington, D. C., for defendants Econo-Car International, Inc. and Westinghouse Electric Corp.

## MEMORANDUM AND ORDER

BRYANT, Chief Judge.

This matter comes before the Court to resolve the question of who is the proper recipient of an attorney's fee award in the above-captioned case. The law firm of Williams & Connolly has submitted a motion for modification and clarification or alternatively for declaratory judgment with respect to the March 15, 1978 Order of Magistrate Margolis awarding plaintiff $50,000.00 in reasonable expenses, including attorney's fees, pursuant to Fed.R.Civ.P. 37.[1] Williams & Connolly seeks a ruling that it is entitled to this award, while plaintiff argues that she is the rightful beneficiary.

Williams & Connolly represented plaintiff on a contingent fee basis for damages arising out of her husband's death in an automobile accident. During the course of pretrial discovery, plaintiff's counsel was continually stymied by what Magistrate Margolis termed "conduct throughout this litigation [that] has been abysmal in its disregard of the sanctity and importance of the discovery process." While Magistrate Margolis stopped short of entering a default judgment against the defendants who were at fault in the discovery process, Westinghouse Electric Corporation and Econo-Car International, Inc., he did find that their conduct was sufficiently wrongful to warrant an award of $50,000.00 in reasonable expenses including attorney's fees. Order of March 15, 1978. This was based on the detailed statement of plaintiff's attorneys, who had requested $53,886.72, $2,886.22 of which was actual out-of-pocket expenses

---

1. Rule 37 authorizes the imposition of sanctions in cases in which there has been an abuse of the discovery rules. *Stillman v. Edmond Scientific Co.*, 522 F.2d 798, 801 (4th Cir. 1975). The rule provides in pertinent part that the court may require "the party failing to obey a court's order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees" and that the court "may make such orders in regard to the failure as are just." Fed.R.Civ.P. 37(b).

advanced by Williams & Connolly on plaintiff's behalf, and $50,746.50 for legal fees. I affirmed this award. Order of April 25, 1978. Pursuant to these orders plaintiff received a check for $50,542.50 which she endorsed and delivered to Williams & Connolly, who has held it in escrow ever since.

Procedurally, Williams & Connolly's motion is difficult to categorize. The Court finds it unnecessary to pin down the precise posture of this matter, however, for plaintiff concedes that the Court has jurisdiction to resolve this controversy.[2]

As to the merits, plaintiff contends that Rule 37 only authorizes the Court to award attorney's fees to the litigant personally and not to his or her attorney. Williams & Connolly's compensation for the time spent in pursuit of discovery compliance, according to plaintiff, is provided for by the Retainer Agreement. Thus, plaintiff argues that Williams & Connolly has been fully compensated for its legal services by the payment of its one-third share of the $705,-114.16 recovered by plaintiff on her claims arising out of her husband's accident. Williams & Connolly responds that the expenses on which the award was based resulted merely as a result of defendants' abuse of the discovery process, and cannot be considered to fall within the "recovery" to which the firm's contingent fee is tied.

The Court is convinced that the $50,-000.00 award should be the property of Williams & Connolly alone. The Retainer Agreement called for a fee "of one-third of any amount recovered," but the preceding paragraph of this Agreement makes clear that this referred only to amounts recovered on plaintiff's "claim for damages."[3] Plaintiff concedes that a one-third share of the *recovery from claims arising out of Mr.*

*Hamilton's death* was the fee contemplated in the Retainer Agreement.[4] Thus if no one was liable to her for this claim, there would be no amount recovered. In the face of this clearcut conclusion, however, Mrs. Hamilton maintains that she is entitled to the amount awarded for Rule 37 sanctions, even though she did not recover anything from Westinghouse on the merits of her action. Plaintiff's argument would lead to the result that even if she had failed to prevail as to any of the defendants, she would still be entitled to the award for sanctions. In this hypothetical event, the jury would have found that she had suffered absolutely no injury, yet she would seemingly argue that she should receive perhaps the entire amount of an award for sanctions. Her "recovery" in this event would be totally unrelated to her claimed injury and would be purely a measure of the efforts of her attorneys. The harder they labored, the greater the award to which plaintiff would claim entitlement. Such a result, by which a litigant would benefit monetarily based solely on the efforts of his or her counsel, is contemplated neither by Rule 37 nor by plaintiff's Retainer Agreement.

None of the cases cited by plaintiff to support her argument that an award of attorney's fees should go only to the litigant involves Rule 37. Although Williams & Connolly states that there are no reported cases deciding whether a court may award expenses, including attorney's fees, under Rule 37 to the attorney for a party, the court in *Hulvat v. Royal Indemnity Co.*, 277 F.Supp. 769 (E.D.Wis.1967), certainly suggests that the attorney's fee award pursuant to Rule 37 should accrue directly to the benefit of counsel. *Id.* at 771. The

---

**2.** Memorandum of Points and Authorities in Opposition to Motion for Modification and Clarification or Alternatively for Summary Judgment of Williams & Connolly ("Opposition") at 4 n.2.

**3.** The first two paragraphs of the Retainer Agreement provide in full:

I hereby retain the law firm of WILLIAMS, CONNOLLY & CALIFANO to represent me against whomsoever may be liable in my

claim for damages arising out of an accident which occurred on or about November 15, 1974 in the District of Columbia concerning my husband, Lewis W. Hamilton, deceased.

I agree that the fee of WILLIAMS, CONNOLLY & CALIFANO for these professional services will be one-third of any amount recovered.

**4.** Opposition at 14.

rationale for such a result is easy to grasp by referring to the instant case. The actual victim of the discovery abuses here was Williams & Connolly, who not only incurred actual expenses but was also prevented from working on other matters, solely because of defendants' improper conduct. The Court calculated its award strictly on this basis. For plaintiff to receive this award instead would be a windfall in its purest form. No rule of procedure or body of case law mandates such an unfair result.

Accordingly, it is this 7th day of September, 1979, hereby

ORDERED, that Williams & Connolly shall be entitled to the full amount of the $50,000.00 awarded by this court's Order of March 15, 1978, including whatever interest has accrued on the amount deposited in escrow.