REYGO PACIFIC CORPORATION,
Plaintiff,

J. David Franklin, Non-Party-Appellant,

v.

JOHNSTON PUMP COMPANY, et al.,
Defendants-Appellees.

No. 79–3429.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 9, 1981.

Decided July 1, 1982.

Attorney for plaintiff in antitrust action appealed from order of the United

Arizona, sitting by designation.

J. David Franklin, La Jolla, Cal., for plaintiff.

Richard D. DeLuce, Los Angeles, Cal., argued, for defendants-appellees; Richard C. Neal, Lawler, Felix & Hall, Los Angeles, Cal., on brief.

Before ELY, FLETCHER and REIN-HARDT, Circuit Judges.

FLETCHER, Circuit Judge:

J. David Franklin, counsel to Reygo Pacific Corporation, appeals from the award of attorney's fees and costs against him. An order compelling a non-party to pay attorney's fees and costs is a final order reviewable under 28 U.S.C. § 1291 (1976). *Liew v. Breen,* 640 F.2d 1046, 1048 (9th Cir. 1981).

Franklin represents Reygo Pacific in an antitrust suit brought against Johnston Pump Company and Aerojet General Corporation. During the course of discovery, Reygo Pacific submitted ten interrogatories to Aerojet and Johnston Pump. Defendants refused to answer the first four on the grounds that they were irrelevant, overbroad, burdensome, oppressive, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. The disputed interrogatories sought an explanation of the corporate organization of Aerojet and Johnston Pump, and a list of all files maintained by each of their corporate departments. Reygo Pacific moved to compel answers. The magistrate denied the motion, and imposed a $350 sanction on Reygo Pacific's attorney, J. David Franklin, on the ground that the motion to compel was not "substantially justified." Fed.R. Civ.P. 37(a)(4). The sanction was appealed to the district court, which affirmed the magistrate's order.

Rule 37(a)(4), as amended in 1970, provides that if a motion to compel discovery is denied,

the court shall, after opportunity for hearing, require the moving party or the attorney advising the motion or both of them to pay . . . the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the motion was substantially justified. . . .

According to the Advisory Committee notes, the 1970 amendments to the rule were intended to ensure that expenses would "ordinarily be awarded unless a court finds that the losing party acted justifiably in carrying his point to court." Fed.R. Civ.P. 37, 1970 Advisory Committee notes. The change in language was "intended to encourage judges to be more alert to abuses occurring in the discovery process." *Id.*

■ While the imposition of sanctions for failure to make discovery is fairly common, the award of expenses against the party seeking discovery is rare in the reported cases. 4A Moore's Federal Practice ¶ 37.-02[10.–2]. *But see Unilectric, Inc. v. Holwin Corp.,* 243 F.2d 393, 399–400 (7th Cir. 1957) (award against party and its attorney who persisted in seeking discovery contrary to previous order of court); *Whitehouse Investments Ltd. v. Bernstein,* 51 F.R.D. 163 (S.D.N.Y.1970) (same, against party only). We have found no case in which expenses were awarded against the attorney, but not the party, who sought discovery. *See* 4A Moore's Federal Practice ¶ 37.02[10.–4]. The district court is afforded great latitude in imposing sanctions under Rule 37, and we review its decisions only for abuse of discretion. *David v. Hooker, Ltd.,* 560 F.2d 412, 428–29 (9th Cir. 1977).

The danger inherent in the kind of order appealed from here is that it will "chill" legitimate efforts at discovery. *Whitehouse Investments Ltd. v. Bernstein,* 51 F.R.D. 163, 167 n.11 (S.D.N.Y.1970). Appellants Reygo Pacific and Franklin argue that their requests were reasonably designed to aid the formulation of requests for documents. Appellees, on the other hand, argue that they offered to answer the interrogatories if properly narrowed but that appel-

lants refused to narrow them. This offer by appellees, if it occurred, is not reflected in the record, and neither the magistrate nor the judge made any finding on the point. Other than the interrogatories themselves, there is nothing in the record to suggest that appellants were recalcitrant or that they were trying to harass the defendants with onerous discovery requests.

■ The disputed interrogatories were not objectionable on the ground that they were not designed to lead to discovery of admissible evidence. A list of corporate departments and files would certainly have aided the formulation of document requests, as appellants claim. On the other hand, the request· for a list of all files maintained by the defendants may well have been vague and overbroad.

■ Upon weighing these considerations, we conclude that it was an abuse of discretion for the district court to impose a $350 sanction on attorney Franklin. The disputed interrogatories were not so obviously improper that the motion to compel was not "substantially justified." A request for discovery is "substantially justified" under the rule if reasonable people could differ as to whether the party requested must comply. C. Wright and A. Miller, Federal Practice and Procedure § 2288. The record discloses no other conduct on the part of the attorney in the course of discovery that seems objectionable. *Cf. United States v. Sumitomo Marine & Fire Ins. Co.,* 617 F.2d 1365, 1370–71 (9th Cir. 1980) (sanctions imposed on government attorney for repeated noncompliance with court orders); *Palma v. Lake Waukomis Development Co.,* 48 F.R.D. 366 (W.D.Mo.1970) (sanctions imposed on attorney and party for obviously unfounded objections to deposition questions). We must therefore reverse the order imposing sanctions.

REVERSED.