**Louis WILLIAMS, Plaintiff–Appellant,**

v.

**Willie BROWN, Mayor; et al., Defendants–Appellees.**

**No. 00–16877.**

**D.C. No. CV–99–03742–WHA.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2001.*

Decided Sept. 20, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

MEMORANDUM **

In this civil rights action, Louis Williams appeals pro se the summary judgment of the district court as well as various discovery orders. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review summary judgment de novo. *Botosan v. Paul McNally Realty,* 216 F.3d 827, 830 (9th Cir.2000). Because the district court did not expressly rule on Williams' motion pursuant to Fed.R.Civ.P. 56(f), we review his motion de novo. *See Byrd v. Guess,* 137 F.3d 1126, 1135 (9th Cir.1998). We review the district court's discovery rulings for an abuse of discretion. *Simula, Inc. v. Autoliv, Inc.,* 175 F.3d 716, 726 (9th Cir.1999).

Because Williams failed to file suit within one year from July 7, 1998, the date he knew or should have known of his injury regarding the tow hearing, the district court properly concluded that these claims were barred by the statute of limitations. *See W. Ctr. for Journalism v. Cederquist,* 235 F.3d 1153, 1156 (9th Cir. 2000). Because Williams did not set forth facts establishing the requisite elements of equitable tolling under California law, the district court properly rejected this claim. *See Daviton v. Columbia/HCA Healthcare Corp.,* 241 F.3d 1131, 1141 (9th Cir.2001) (en banc). Because Williams failed to show how the additional discovery he sought under Fed.R.Civ.P. 56(f) would have addressed the statute of limitations argument at issue in defendants' motion for summary judgment, the district court did not err by failing to

---

allow additional discovery. *See Byrd,* 137 F.3d at 1135.

With respect to Williams' arrest on August 27, 1998, the district court properly concluded that the defendant officers were entitled to qualified immunity because the circumstances surrounding the arrest gave the officers probable cause to believe that Williams had committed a crime. *See Mendocino Envtl. Ctr. v. Mendocino County,* 14 F.3d 457, 462 (9th Cir.1994). The district court properly granted summary judgment to the mayor, police chief, and sheriff because Williams failed to show evidence that his alleged injury stemmed from either a municipal policy or practice, or that these defendants had personal involvement in the alleged injury. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.1989).

Because the district court properly concluded that the City defendants' response to Williams' discovery requests was substantially justified, it did not abuse its discretion by declining to impose sanctions. *See* Fed.R.Civ.P. 37(a)(4)(A); *Reygo Pac. Corp. v. Johnston Pump Co.,* 680 F.2d 647, 649 (9th Cir.1982).

Because Williams' opening brief did not address the grant of summary judgment to defendant Pick Your Part Auto Wrecking, we do not reach the arguments advanced by Pick Your Part Auto Wrecking as an alternative basis for affirmance. *See Knevelbaard Dairies v. Kraft Foods, Inc.,* 232 F.3d 979, 984 (9th Cir.2000) (deeming abandoned issues not raised in opening brief).

Williams' remaining contentions lack merit.

AFFIRMED.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.