FILED

**NOT FOR PUBLICATION**

OCT 08 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: GTI CAPITAL HOLDINGS, LLC, an Arizona limited liability company, DBA Rockland Materials, <br><br> Debtor, | No. 09-60039 <br><br> BAP No. AZ-09-1053-JuMkD <br><br> MEMORANDUM[*] |
| TRIAD COMMERCIAL CAPTIVE CO.; et al., <br><br> Appellants, <br><br> v. <br><br> COMERICA BANK; et al., <br><br> Appellees. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Markell, Dunn, and Jury, Bankruptcy Judges, Presiding

Submitted October 6, 2010[**]
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: THOMPSON, FERNANDEZ and SILVERMAN, Circuit Judges.

Appellants challenge the bankruptcy court's imposition of sanctions, pursuant to Fed. R. Civ. P. 37(a)(5)(B), following the denial of their Rule 37 motion to compel depositions. We have jurisdiction pursuant to 28 U.S.C. §§ 158(d)(1) and 1291. We affirm.

First, the bankruptcy court had jurisdiction to impose the sanctions, despite previously granting Appellants' request to voluntarily withdraw their complaints. "It is well established that a federal court may consider collateral issues after an action is no longer pending." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990). Rule 37(a)(5)(B) sanctions are collateral because they aim to deter abuse of the judicial process and have no bearing, and therefore no res judicata effect, on the case's underlying merits. *Id.* at 396; *see also Willy v. Coastal Corp.*, 503 U.S. 131, 139 (1992).

Second, the bankruptcy court did not abuse its discretion in imposing sanctions under Rule 37(a)(5)(B). Appellants have failed at all levels to demonstrate that their motion to compel was "substantially justified," i.e., that "reasonable people could differ as to whether the party requested must comply" with their motion to compel. *See Reygo Pac. Corp. v. Johnston Pump Co.*, 680 F.2d 647, 649 (9th Cir. 1982).

**AFFIRMED.**