598 F.2d 1203
 FIRST NATIONAL BANK AT THERMOPOLIS, a National Banking
Association, Plaintiff,
v.
WESTERN CASUALTY AND SURETY COMPANY, a Kansas Corporation,
Defendant and Third-Party Plaintiff-Appellee,
v.
Paul W. AXTELL, John S. Herrin, Max E. Mortimore, Clem John,
Norman Sanford, and Willard Wilson, Third-Party
Defendants-Appellees,
Earl A. Davis, National Bank Examiner, Appellant.
 No. 79-1340.
 United States Court of Appeals,
Tenth Circuit.
 Argued May 9, 1979.
Decided May 15, 1979.
 
 Dennis M. Hand, Casper, Wyo. (Robert Jerry Hand of Hand, Hand & Hand, P.C., Casper, Wyo., on the brief), for Western Cas. and Sur. Co., defendant and third-party plaintiff-appellee.
 William E. Murane and James Shaughnessy of Holland & Hart, Denver, Colo., on the brief, for John S. Herrin, third-party defendant-appellee.
 Frank Neville of Williams, Porter, Day & Neville, Casper, Wyo., on the brief, for Max E. Mortimore, third-party defendant-appellee.
 Joseph E. Vlastos and J. Nicholas Murdock of Vlastos & Reeves, P.C., Casper, Wyo., on the brief, for Clem John, Norman Sanford and Willard Wilson, third-party defendants-appellees.
 Neil H. Koslowe, Special Litigation Counsel, Civ. Div., Dept. of Justice, Washington, D. C. (Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C., Charles E. Graves, U. S. Atty., and Ronald R. Glancz, Asst. Director, Cheyenne, Wyo., on the brief), for Earl A. Davis, appellant.
 Before McWILLIAMS, DOYLE and LOGAN, Circuit Judges.
 McWILLIAMS, Circuit Judge.
 
 
 1
 The judgment entered on April 16, 1979, wherein Earl A. Davis, a national bank examiner, was held in contempt of court and committed forthwith to the Laramie County Jail for a period of 30 days and fined $1,000, is reversed for the reason that the United States District Court for the District of Wyoming lacked jurisdiction to enter such order. The present controversy is, in our view, governed by Fed.R.Civ.P. 37 and not by Rule 45. Background material will put the controversy in focus.
 
 
 2
 The First National Bank at Thermopolis brought an action in the U. S. District Court for the District of Wyoming against the Western Casualty and Surety Company on a fidelity bond issued by Western. Thereafter, Western filed a third party complaint against certain former directors of the bank.
 
 
 3
 During the course of discovery, Western caused a deposition subpoena to be issued from the U. S. District Court for the District of Colorado to one Earl Davis. Davis was employed by the Comptroller of Currency as a national bank examiner and resided in Denver, Colorado. This deposition hearing was commenced in Denver, Colorado but adjourned prior to termination when, after answering some questions, Davis refused to answer others, based on instructions which he had previously received from the Comptroller of Currency. At this hearing, counsel for Western verbally requested the production of a number of documents which had not previously been requested of the Comptroller.
 
 
 4
 Western then filed a motion in the U. S. District Court for the District of Wyoming seeking an order to compel the Comptroller or his designated representative to appear in that court to show cause why the Comptroller should not produce for discovery the testimony and documents which Western had requested during the course of Davis' deposition. This motion was granted by the U. S. District Court for the District of Wyoming, and an order issued which directed the Comptroller or his representative to appear and show cause why his office "should not produce for copying, inspection and discovery all of the documents identified in the request of the attorneys for the parties herein as specified in the partial transcript of the deposition of Earl A. Davis" and to further show cause why his office "should not authorize its personnel to appear at depositions to be scheduled in this matter and give all relevant testimony concerning areas of inquiry as outlined by the parties through their respective counsel in the partial transcript of the proceedings at the deposition of Earl A. Davis." This same order also directed Davis to appear and show cause "why he would not answer any and all questions that may be propounded to him in the course of the deposition by the parties hereto and why he should not produce all material requested of him in the course of the deposition heretofore commenced by the parties."
 
 
 5
 The Comptroller filed a response to the order to show cause issued by the U. S. District Court for the District of Wyoming, and both he and Davis made a special appearance through counsel to contest that court's jurisdiction. Their objections were overruled and on March 9, 1979, the U. S. District Court for the District of Wyoming filed an "Order Compelling Discovery" directed solely against Davis. A motion for reconsideration was denied and Davis was directed to appear before the U. S. District Court for the District of Wyoming on April 2, 1979, and to "give testimony and present the documents referred to in the order of this court heretofore entered on March 9, 1979."
 
 
 6
 When Davis did not appear in the U. S. District Court for the District of Wyoming on April 2, 1979, that court, on April 4, issued an order directing Davis to show cause why he should not be held in contempt for failing to appear on April 2. The Comptroller, on behalf of Davis, filed a response to the show cause order and a hearing in connection therewith was held on April 16, 1979. At this hearing, the U. S. District Court for the District of Wyoming held Davis in contempt and directed that he be committed forthwith to the Laramie County Jail for 30 days and that he pay a fine of $1,000. It is from such contempt judgment that Davis now appeals.
 
 
 7
 The issue on appeal is whether the U. S. District Court for the District of Wyoming had jurisdiction over Davis. We conclude that the U. S. District Court for the District of Wyoming did not, under the circumstances, have jurisdiction over Davis, and for that reason we reverse the contempt order and commitment of April 16, 1979.
 
 Rule 37(a)(1) provides as follows:
 
 8
 (a) Motion for order compelling discovery. A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling discovery as follows:
 
 
 9
 (1) Appropriate court. An application for an order to a party may be made to the court in which the action is pending, or, on matters relating to a deposition, to the court in the district where the deposition is being taken. An application for an order to a deponent who is not a party shall be made to the court in the district where the deposition is being taken. (Emphasis added.)
 
 Rule 37(b)(1) provides as follows:
 
 10
 (b) Failure to comply with order.
 
 
 11
 (1) Sanctions by court in district where deposition is taken. If a deponent fails to be sworn or to answer a question after being directed to do so by the court in the district in which the deposition is being taken, the failure may be considered a contempt of that court.
 
 
 12
 Rule 37(a)(1) clearly provides that an application for an order compelling discovery to a deponent who is not himself a party to the proceeding shall be made to the court in the district where the deposition is being taken. In the instant case the deposition was being taken in Denver, Colorado, pursuant to a subpoena issued by the U. S. District Court for the District of Colorado. Under the Rule above quoted, any application for an order to compel Davis, a non-party, to testify should have been made in the U. S. District Court for the District of Colorado.
 
 
 13
 The U. S. District Court for the District of Wyoming has apparently taken the position that Rule 37 has no application in this context and that Rule 45 covers the present controversy. We do not agree. Rule 45(e)(1) concerns subpoenas for attendance at a hearing or trial. It is our view that we are here concerned with the continuation of a depositional hearing which was terminated in Denver, Colorado when the deponent declined to answer certain questions. Certainly the orders of the U. S. District Court for the District of Wyoming throughout this entire proceeding, with one exception, indicate quite clearly that this is a continuation of a depositional hearing. We recognize that the U. S. District Court for the District of Wyoming in its contempt order of April 16, 1979, did state that the "Comptroller's contention that the proceeding which ultimately resulted in the order to show cause was merely a deposition and not a hearing is erroneous." We are not in accord with this statement of the trial court concerning the nature of the present proceeding. According to the transcript, the U. S. District Court for the District of Wyoming, at the very hearing which resulted in the contempt order, stated that Davis could purge himself "by appearing before this court . . . and then and there submit to the taking of his deposition." Clearly this is a continuation of a depositional hearing. If a trial court can thus transmute what is clearly the continuation of a depositional hearing into a "hearing" under Rule 45(e), then Rule 37(a)(1) and (b)(1) mean nothing.
 
 
 14
 In support of the foregoing, see Wright and Miller, Federal Practice and Procedure, Vol. 8, § 2287, where appears the following:
 
 
 15
 Prior to the 1970 amendments the rules were not wholly informative on which court had power to act when a deposition was being taken in one district for use in a case pending in another district. Former Rule 37(a) said that a motion to compel an answer to a question should be made to the court in the district where the deposition was taken and Rule 37(b)(2) said that a failure to answer after being ordered to do so by the court in the district where the deposition was taken was a contempt of that court. The rules did not specify what power, if any, the court in which the action was pending had over these matters.
 
 
 16
 The following propositions appeared to be sound: (1) the court in the district where the deposition is being taken has the power to compel an answer to a proper question, and it can enforce such order by contempt proceedings against either a party or a witness; (2) The court in the district where the suit is pending cannot impose any sanction against a witness who is not a party; and (3) the court in the district where the suit is pending, having jurisdiction of the parties, can compel an answer to a proper question directed to a party and, in addition to contempt, can enforce the other sanctions set out in Rule 37(b) (2).
 
 
 17
 Rule 37(a)(1), adopted in 1970, writes those propositions into the law. It provides that an application for an order to a party may be made to the court in which the action is pending, or, on matters relating to a deposition, to the court in the district where the deposition is being taken, But that an application for an order to a deponent who is not a party shall be made to the court in the district where the deposition is being taken. If the deposition of a party is being taken in a district other than that in which the action is pending, another party seeking to compel an answer has a choice of forum but the court to which he applies may send him to the other court if it seems more appropriate. (Emphasis added.)
 
 
 18
 See also, 4A Moore's Federal Practice P 37.02(1), at 37-30.1 (2d ed. 1978). B. F. Goodrich Tire Co. v. Lyster, 328 F.2d 411, 415 (5th Cir. 1964); Braziller v. Lind, 32 F.R.D. 367 (S.D.N.Y.1963); Gottlieb v. Isenman, 15 F.R.D. 88, 89 (D.Mass.1953).
 
 
 19
 The judgment is reversed and the cause remanded with direction to the trial court to vacate its order and commitment of April 16, 1979, and to dismiss the contempt proceedings against Davis.