Clyde Ray HOLCOMB and Marcella Holcomb, Individually and as Guardian of the Person of Clyde Ray Holcomb, Plaintiffs-Appellants,

v.

ALLIS–CHALMERS CORPORATION, Joy Manufacturing Company, Aero Trucking, Inc., Defendants-Appellees.

No. 84–1557.

United States Court of Appeals, Tenth Circuit.

Sept. 27, 1985.

Darrell Panethiere of Windle Turley, P.C., Dallas, Tex., for plaintiffs-appellants.

Thomas G. Gorman of Hirst & Applegate, Cheyenne, Wyo. (Lonabaugh & Riggs, Sheridan, Wyo., and Vincent J. Horn, Jr., Cheyenne, Wyo., with him on the brief), for defendants-appellees.

Before McKAY, McWILLIAMS and LOGAN, Circuit Judges.

McWILLIAMS, Circuit Judge.

This dispute arises out of aborted discovery proceedings. On defendants' motion to impose sanctions, the United States District Court for the District of Wyoming issued a show cause order to the plaintiffs and their attorneys directing them to appear and show cause, if they could, why plaintiffs' cause of action should not be dismissed with prejudice, and to show further cause why sanctions, including judgment for the expense of attorneys' fees and travel should not be entered against the plaintiffs and their attorneys. After hearing on the motion and show cause order, the district court entered judgment against the plaintiffs and their attorneys in a total sum of $8,078.32, such sum representing attorneys' fees and travel expense incurred by the three defendants in connection with the aborted discovery proceedings. The district court further ordered that the sum of $8,078.32 should be paid by plaintiffs and their counsel to the clerk of court, in cash, within seven days, and that, should the plaintiffs fail to so pay within seven days, the cause of action would be dismissed with prejudice. The plaintiffs and

their counsel did not thereafter pay any sum to the clerk of court within seven days, whereupon the district court dismissed the cause of action. Plaintiffs appeal. We reverse.

Clyde Ray Holcomb and Marcella Holcomb, the latter in her individual capacity and as Guardian for Clyde Ray Holcomb, brought a products liability suit against Allis-Chalmers Corporation, Joy Manufacturing Company, and Aero Trucking, Inc., for personal injuries suffered by Clyde Holcomb when he was attempting to unload a mining head loading plow manufactured by Joy Manufacturing from a trailer truck owned and operated by Aero Trucking and was, at the time, using a forklift manufactured by Allis-Chalmers. From the complaint we learn that during this unloading process the forklift tipped over and threw Holcomb off the rear of the forklift causing severe and disabling personal injuries. Jurisdiction was based on diversity, the Holcombs being citizens and residents of Sweetwater County, Wyoming, and the defendants having been incorporated in Delaware, Pennsylvania and Ohio. The accident forming the basis for the complaint occurred in Sweetwater County, Wyoming.

By separate answers, the three defendants denied liability. Allis-Chalmers filed a cross-claim against Joy Manufacturing and Aero Trucking, seeking indemnity or contribution in the event the Holcombs made recovery from Allis-Chalmers. In like fashion, Aero Trucking filed a cross-claim against Joy Manufacturing and Allis-Chalmers, seeking indemnity or contribution. Also, Aero Trucking filed a third-party complaint against Allied Corp., again seeking indemnification or contribution in the event the Holcombs obtained a judgment against Aero Trucking.

The Holcombs were represented by local Wyoming counsel and a firm located in Dallas, Texas, the latter apparently being their lead counsel. The three defendant corporations were each represented by local Wyoming counsel. During pre-trial conferences, the parties were required to list the witnesses they expected to call at

trial, and to give a brief resume of what each would testify to. The plaintiffs indicated, *inter alia*, that a Dr. Tom Manos and a Dr. Harry L. Snyder would testify as experts about the accident and how, in their expert opinion, it happened. Defense counsel decided to take the depositions of Drs. Manos and Snyder and notice thereof was duly given to all parties. Dr. Manos resided in Michigan and Dr. Snyder in Virginia. By agreement of the parties, and without order of court, the depositions were initially set for January 26 and 27, 1984, to be taken in Dallas, Texas, in the offices of the Holcombs' Dallas counsel. At the request of plaintiffs' counsel, and with the consent of defense counsel, the depositions were rescheduled for February 15 and 16, 1984, again in Dallas, Texas. These depositions were never taken, and such fact gives rise to the present controversy.

On February 14, 1984, one of plaintiffs' Dallas counsel advised one of defense counsel, residing in Cheyenne, Wyoming, that the depositions could not be taken on either February 15 or 16, 1984, and would have to again be rescheduled. The reason given was that before Drs. Manos and Snyder could form an opinion on the cause of the accident they had to see certain reports of the Mine Safety and Health Administration, which they had not yet received. Wyoming counsel objected to any further continuances of the matter, and, according to defendants as set forth in their brief, Wyoming counsel advised plaintiffs' Dallas counsel that, "if necessary ... he would approach his honor ... in an attempt to resolve this controversy." Wyoming counsel immediately thereafter telephoned the local United States District Judge who was handling the Holcomb case, and advised him of this turn of events. In that telephone conversation, the judge verbally ordered that the depositions of Drs. Manos and Snyder proceed the next day as scheduled and instructed defense counsel to inform plaintiffs' counsel of his verbal order. This defense counsel did. Thereafter, plaintiffs' counsel contacted the judge's law clerk in an effort to get the judge to

"change his mind." The law clerk, after conferring with the judge, informed plaintiffs' attorney that the judge was not changing his mind and that his verbal order that the depositions be taken stood.

On the following day, February 15, 1984, three Wyoming attorneys appeared in Dallas, Texas, ready to take the depositions of Drs. Manos and Snyder. Neither deposition was taken, however, counsel for plaintiffs stating that after learning of the judge's verbal order that the depositions be taken they were unable to contact Drs. Manos and Snyder and obtain their presence in Dallas, Texas. So, the three Wyoming lawyers returned to Wyoming empty-handed. It is out of this series of events that the defense lawyers, on their return to Wyoming, filed their motion for sanctions.

■ We were initially concerned with whether the present appeal was from a final judgment. Specifically, our concern was that there were outstanding and unresolved cross-claims, as well as a third-party complaint, and a non-compliance with Fed. R.Civ.P. 54(b). By order counsel were asked to address this matter upon oral argument. At oral argument, all counsel were agreed that the present appeal was from a final judgment. It was pointed out that all cross-claims, as well as the third-party complaint, were based on a theory of indemnification or contribution, and that when Holcomb's cause of action was dismissed with prejudice, any claim based on indemnification or contribution necessarily fell by the wayside. Further, counsel indicated that in reality the district court had entered orders disposing of the cross-claims and the third-party complaint. Upon this showing, we proposed to dispose of the present appeal on its merits.

■ Under Fed.R.Civ.P. 37(b), sanctions may be imposed for disobedience of a valid discovery order. *See Ohio v. Arthur Andersen & Co.*, 570 F.2d 1370, 1376 (10th Cir.), *cert. denied*, 439 U.S. 833, 99 S.Ct. 114, 58 L.Ed.2d 129 (1978). However, if the order of court which the plaintiffs and their attorneys disobeyed was not itself a

valid order, then the sanctions must necessarily fall.

■ In our view, then, the starting point for disposition of the appeal is the question of whether the district court's order of February 14, 1984, is valid. More specifically, the order here under consideration is the verbal order given over the telephone to one of defense counsel by the district court to the effect that the depositions of Drs. Manos and Snyder set by agreement of counsel, and without order of court, for February 15 and 16, 1984, should proceed as scheduled. We conclude that such order was not valid and that accordingly the sanctions imposed for violating such order must be set aside.

The critical facts, as we see them, are not in dispute and are as follows: (1) Defense counsel filed a proper notice of intent to take the depositions of Drs. Manos and Snyder; (2) subpoenas were not served on either Dr. Manos or Dr. Snyder—rather by agreement, the depositions were scheduled, and then rescheduled for Dallas, Texas, on February 15 and 16, 1984; (3) the defendants sought, and obtained, *ex parte* and without notice, a verbal order from the district court on February 14, 1984, in Wyoming that the depositions of Drs. Manos and Snyder be taken, as scheduled, in Dallas, Texas; (4) the depositions of Drs. Manos and Snyder were not taken; (5) thereafter the district court of Wyoming, on motion, entered a money judgment against the plaintiffs and their attorneys in a total sum of $8,078.32, said sum representing travel expense and attorneys' fees received when three defense counsel, i.e., one for each of the three defendants, went from Wyoming to Dallas, Texas, for the purpose of taking the depositions of Drs. Manos and Snyder; and (6) when neither the plaintiffs nor their attorneys paid the money judgment in cash within seven days, the district court in Wyoming dismissed plaintiffs' cause of action with prejudice.

The district court's verbal order delivered on February 14, 1984, over the telephone to one of defense counsel that the depositions of Drs. Manos and Snyder be taken in Dallas, Texas, on February 15 and 16, 1984, does not comply with the requirements of Fed.R.Civ.P. 37 or of due process. The very first paragraph of Rule 37 provides that a "party, *upon reasonable notice to other parties and all persons affected thereby,* may apply for an order compelling discovery." (Emphasis added). In the instant case there was no real notice at all given by defense counsel to other and affected parties, let alone reasonable notice. The telephonic statement of Wyoming counsel to Dallas counsel that he might contact the judge about the matter is not the type of notice contemplated by the rule. Due process would additionally require some type of opportunity to be heard. *Societe Internationale v. Rogers,* 357 U.S. 197, 209, 78 S.Ct. 1087, 1094, 2 L.Ed.2d 1255 (1958); *Brown v. McCormick,* 608 F.2d 410, 414 (10th Cir.1979). That plaintiffs' counsel telephoned the judge, and spoke only with his law clerk, "after the fact," i.e., after the court had entered its order compelling discovery, does not satisfy the requisite opportunity to be heard. The order was not issued after reasonable notice and an opportunity to be heard, and hence the order is inconsistent with Rule 37(a) and the Due Process Clause.*

■ If we understand defense counsels' position, they do not place complete reliance on Rule 37. Rather, they seem to argue that the *ex parte* telephone order of February 14, 1984, was the outgrowth of pretrial orders, and within the inherent power of the court to enter appropriate

---

* We need not here reach the additional question of whether there was compliance with the further requirements of Rule 37. In this regard, plaintiffs' counsel suggests that under Rule 37(a)(1) and (b)(1) the order should have been sought from a federal judge in Dallas, Texas, and not Wyoming, since the depositions were to be taken in Texas, not Wyoming. In this regard, see *First National Bank at Thermopolis v. Western Casualty & Surety Co.,* 598 F.2d 1203 (10th Cir.1979).

orders to facilitate the disposition of court business. We do not agree. An order based on any inherent power of a trial court must still comport with due process.

The pretrial order required all parties to list their witnesses and the gist of their testimony. Drs. Manos and Snyder were listed by plaintiffs' counsel as plaintiffs' witnesses. So far as we can find, plaintiffs were not ordered by any pretrial order to produce any or all of their witnesses for depositional purposes upon request from defense counsel. Later, defense counsel determined to take the depositions of Drs. Manos and Snyder and served a notice to that effect on the parties. No subpoenas were served on either witness, as the parties, by private agreement, fixed the date and place for the depositions. These private understandings "blew up." In such circumstance, the next step, it would appear, would be to place Drs. Manos and Snyder under subpoena, and not to obtain a telephone order, *ex parte*, that the depositions proceed as previously agreed to in a private agreement between counsel.

Defense counsels' argument that they are not really concerned with Drs. Manos and Snyder, and that they are, in reality, concerned with plaintiffs' counsel, misses the point. Defense counsel desired to take the depositions of Drs. Manos and Snyder. They did *not* desire to take the deposition of plaintiffs' counsel. In their brief, defense counsel assert that since plaintiffs had listed Drs. Manos and Snyder as their expert witnesses and given a summary of what their testimony would be, "it was therefore obligatory on plaintiffs' counsel to produce them for depositions under applicable discovery rules." We interpret that statement to mean that discovery rules do have present application as indicated. The requirements of Rule 37(a) were not met.

Judgment reversed, and cause remanded with the direction that the district court vacate its sanction orders and reinstate the cause of action.