**In re William R. KENNEDY, et al., Debtors.**

**WESTERN MONETARY CONSULTANTS, INC., Appellant,**

**v.**

**Ross E. APGAR, et al., Appellees.**

**Civ. A. No. 91–K–1838.
Bankruptcy No. 90 6179 RJB.
Adversary No. 91 88 J.**

United States District Court, D. Colorado.

Aug. 7, 1992.

John M. Franks, Denver, Colo., for Western Monetary Consultants.

James W. Avery, Denver, Colo., for Apgar.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

This appeal was filed by Western Monetary Consultants ("WMC"), a corporation operated by the debtors, William and Deborah Kennedy. It involves a discovery dispute in a § 523 adversary action brought by Ross and Marion Apgar, creditors, against the debtors. WMC appeals the bankruptcy court's October 8, 1991 order denying its motion to reconsider the court's September 9, 1991 ruling that WMC had not properly asserted the privilege because it failed to attend the hearing on the Apgars' motion to compel discovery.

### I. *Facts.*

On August 9, 1991, the Apgars filed a notice and motion to compel discovery from Denver attorney David DeMuro of Krendl & Krendl, P.C., who had represented the Kennedys and WMC in the past. DeMuro had declined to answer questions and provide documents at a July 31, 1991 deposition, asserting the attorney/client privilege on behalf of his former clients. The Apgars alleged that the information that DeMuro refused to provide was not protected by the privilege under the crime-fraud exception.

A hearing on the motion to compel was set for 10:00 a.m., September 9, 1991. WMC failed to appear at the hearing or file a response to the motion. At the hearing, the Kennedys' attorney noted on the record that he had spoken with John Franks, bankruptcy attorney for WMC, several days earlier about the motion. Further, WMC had been sent a notice of the hearing. On these facts, the court determined that WMC had not properly asserted the privilege. It also held that the Kennedys had no standing to assert the privilege on behalf of WMC and that any documents involving WMC or WMC and the Kennedys jointly were therefore discoverable. It denied the Apgars' motion as to information concerning only the Kennedys, however, finding that the Apgars had not met the second prong of the crime-fraud exception to show that the Kennedys had sought DeMuro's advice to further a scheme to defraud the Apgars.

Later that day, WMC filed a motion in joinder to the Kennedy's opposition to the motion to compel. The record indicates that, at the time of the hearing, neither the court nor counsel attending the hearing had knowledge of or received the motion. (*See* Tr. Vol. II at 2–3.)

On September 12, 1991, WMC filed a pleading entitled "motion asserting attorney/client privilege by reference," asking the court to "incorporate" its earlier motion in joinder by reference and reconsider its September 9, 1991 ruling. The Apgars objected to the motion, arguing that WMC's attempt to assert the privilege was untimely, since WMC did not appear at the hearing despite adequate notice, and moot, since DeMuro had already provided several relevant documents. They supported their objection with a declaration, filed by their counsel, indicating that DeMuro had provided several significant documents during discovery conducted on September 13, 1992.

On October 2, 1991, the bankruptcy court denied WMC's motion. Although the court found that WMC had notice of the September 9 hearing, it declined to rule that the corporation had waived the privilege. Instead, based on exhibits obtained in the September 13 discovery of DeMuro, the court ruled that the Apgars had established the second prong of the crime-fraud exception and that WMC had no attorney/client privilege in the requested information. WMC now appeals from these orders.

## II. *Issues.*

### A. Jurisdiction.

■ The Apgars argue that WMC's appeal is jurisdictionally defective. First, they assert that the discovery rulings at issue are nonfinal orders not subject to immediate appeal. Generally, this is true. *See FTC v. Alaska Land Leasing Inc.*, 778 F.2d 577, 578 (10th Cir.1985) (nonparty deponent challenging discovery order must refuse to comply, submit to a contempt proceeding, and appeal the contempt order). A number of courts, however, recognize an exception to this rule when the discovery order is directed to a non-party deponent who cannot be expected to risk contempt to create a final order on behalf of the third-party appellant. *See In re Grand Jury Proceedings*, 857 F.2d 710, 712 (10th Cir.1988) (applying exception to finality rule delineated in *Perlman v. United States*, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950 (1918)), *cert. denied*, 492 U.S. 905, 109 S.Ct. 3214, 106 L.Ed.2d 565 (1989). Here, DeMuro produced several of the requested documents, indicating that he would not subject himself to a contempt citation to protect WMC's interests. Under these circumstances, immediate appeal is therefore proper. *See In re Grand Jury Proceedings (Vargas)*, 723 F.2d 1461, 1466 (10th Cir.1983) (immediate appeal permissible if appellant can prove attorney will produce records rather than risk contempt).

■ The Apgars also assert that WMC may not contest the September 9 ruling because it did not timely appeal that order. This is true only if the time for filing a notice of appeal is not tolled by the filing of one the motions described in Bankruptcy Rule 8002(b). Although the Apgars argue that WMC's September 12 motion to assert attorney/client privilege by reference is not one of these motions, they exalt form over substance. WMC's motion, filed within ten days of the court's ruling, plainly sought reconsideration of the September 9 order, despite its unusual title. Thus, it is reasonably construed as a Rule 9023 motion, and consideration of the merits of the September 9 order is proper. *See Winkel Group v. Frontier Airlines (In re Frontier Air-*

*lines, Inc.)*, 108 B.R. 274, 276 n. 3 (D.Colo. 1989) (appeal of timely filed Rule 9023 motion brings to issue merits of underlying order.)

### B. Inadequate Assertion of the Attorney/Client Privilege.

WMC raises two issues in this appeal. First, WMC argues that the bankruptcy court erred in holding that it waived the privilege by failing to appear at the September 9 hearing. WMC claims that it must be served with a summons and complaint and made a party to the action for the court to have jurisdiction to rule on its claim of privilege. Second, WMC contends that the court's October 2, 1991 ruling permitting discovery under the crime-fraud exception was defective because it was founded on information that the Apgars obtained as a result of the court's erroneous September 9 ruling. WMC's arguments are not persuasive.

■ In adversary proceedings in bankruptcy, a motion for an order compelling discovery is governed by Bankr.R. 7037, which adopts Fed.R.Civ.P. 37. Under that rule, "[a] party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling discovery." Fed.R.Civ.P. 37(a). The plain language of this rule and other rules dealing with discovery makes clear that the court has the power to order discovery from non-parties who may possess information relevant to the action, notwithstanding that they have not been made formal parties to the lawsuit. *See, e.g.,* Fed.R.Civ.P. 26(c), 30, 45; *United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76, 108 S.Ct. 2268, 2270–71, 101 L.Ed.2d 69 (1988) (courts may issue subpoenas as to nonparty witnesses and may compel such parties to comply with discovery orders). Thus, WMC's argument that the Apgars' motion to compel and the court's September 9 order were ineffective for lack of jurisdiction because WMC was never served with the adversary complaint or made a party to the proceeding is unavailing. The court had jurisdiction to decide the issue of WMC's privilege despite

its status as a nonparty. *See* 8 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2285 at 775 & n. 93 (1970) (usual formal requirements applicable to motions, including service under *Rule 5*, apply to motions under Rule 37(a)(2)).

In addition, the Apgars complied with the notice requirements of Rule 37. There is no dispute that WMC was actually served with a copy of the Apgars' motion for protective order and notice of the September 9 hearing. Those papers were sent to Phillip Bolles, chief financial officer of WMC, the person who initially notified De-Muro of the company's desire to assert the privilege. Under these circumstances, WMC received "reasonable notice" of the motion. *Compare Holcomb v. Allis–Chalmers Corp.*, 774 F.2d 398, 401 (10th Cir. 1985) (telephonic statement to counsel "that he might contact the judge about the matter" not reasonable notice of verbal, exparte order under rule 37); *Fischer v. McGowan*, 585 F.Supp. 978 (D.R.I.1984) (nonparty deponent received no notice of defendant's motion to compel, granted automatically by clerk when no opposition was filed).

WMC contends, however, that its attorney, John Franks, should also have received formal notice of the motion and the hearing. WMC points to no provision in the rules that requires that both the "person affected" by the Rule 37 motion and his attorney must be served to meet the requirement of "reasonable notice" under the rule. As the circumstances of this case indicate, such a rule would prove unworkable. At the time the Apgars filed their motion and notice of the hearing was sent, Franks had not entered an appearance in this matter. At his July 31 deposition, DeMuro indicated that he had spoken with Franks concerning the deposition that Franks stated that "he wasn't sure if he would be representing the company on this or not." (Br. of Appellees, Ex. A, at 14.) Therefore, the Apgars had no clear indication that Franks would be representing WMC in this dispute, and service on WMC, through its corporate officer, was the best means of effecting reasonable notice.

Likewise, WMC's suggestion that it was prejudiced by the Apgars' failure to send notice of the motion and hearing to Franks is disingenuous. The record supports the bankruptcy court's finding that Franks in fact had actual notice of the motion to compel. Not only was he aware of the discovery dispute through his conversation with DeMuro before DeMuro's deposition, the Kennedys' bankruptcy attorney spoke with Franks several days before the hearing on the Apgars' motion to compel to determine whether WMC would be filing a response. With this information, Franks was on notice to inquire of the parties or the bankruptcy court to determine whether a hearing had been set on the motion, even assuming that the Kennedys' attorney did not inform Franks of the hearing in their conversation.

Given that WMC had reasonable notice of the motion to compel and the hearing on the motion, the bankruptcy court did not err in finding that WMC had not properly asserted the attorney/client privilege and it did not abuse its discretion in denying WMC's later motion for reconsideration of that order.

A party seeking to assert the privilege must make a clear showing that it applies. Failure to do so is not excused because the document is later shown to be one which would have been privileged if a timely showing would have been made. Even though it does not seem seriously disputed that the privilege would have attached if the objection had been timely and adequately asserted, that such a showing had not been made when the trial court was called upon to make its ruling defeats the privilege. It is not enough that a document would have been privileged if an adequate and timely showing had been made. The applicability of the privilege turns on the adequacy and timeliness of the showing as well as on the nature of the document.

*Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir.1984), *cert. dismissed*, 469 U.S. 1199, 105 S.Ct. 983, 83 L.Ed.2d 984 (1985). Alternatively, since

WMC took no action to prevent disclosure after the court's September 9 ruling, the Apgars were able to establish the second prong of the crime-fraud exception based on the newly discovered documents for which WMC had not timely asserted the privilege. Hence, the court did not err in denying WMC's motion on this basis as well.

### III. *Conclusion.*

The bankruptcy court's rulings are AFFIRMED.