**Millicent LEE, et ano., Plaintiffs,**

**v.**

**REGAL CRUISES, et ano., Defendants.,**

**v.**

**Milan KUTANOVSKI, Third Party Defendant.**

No. 94 Civ. 7687 (LAK).

United States District Court, S.D. New York.

Feb. 7, 1997.

Robert A. Bloom, New York City, for Plaintiffs.

Peter A. Junge, Carol N. Lambos, Lambos & Junge, New York City, for Defendants.

## MEMORANDUM OPINION

KAPLAN, District Judge.

Plaintiffs, whose case previously was dismissed on a motion for summary judgment,[1] find themselves in peril of having their appeal dismissed for lack of jurisdiction and seek this Court's aid. Regrettably, the Court lacks the power to assist them.

### Facts

#### The Original Dismissal and Appeal

Millicent Lee and her husband brought this action against the owners of a cruise ship to recover for an injury to Mrs. Lee's left knee allegedly sustained in circumstances rendering the owners liable. The owners impleaded the treating physician, and the plaintiffs subsequently asserted a direct claim against him. In a memorandum opinion dated February 20, 1996 and amended the following day, this Court granted defendants' motion for summary judgment dismissing the complaint and dismissed plaintiffs' direct claim against the third party defendant for lack of subject matter jurisdiction. Judgment was entered in favor of defendants and the third party defendant on March 6, 1996. On March 20, 1996, plaintiffs filed a notice of appeal.

#### The Preargument Conference and Withdrawal of the First Appeal

On April 26, 1996, the parties attended a preargument conference in the Court of Appeals. Staff counsel apparently was under the impression that the judgment appealed from did not dispose of the third party claims asserted by the defendants against the third party defendant and, in consequence, was not final. At his suggestion, the parties entered into a stipulation withdrawing plaintiffs' appeal. The stipulation, which was so ordered for the Court by the Clerk on April 29, 1996, provided that "[t]his stipulation shall not preclude any appeal from an amended final judgment, i.e., adjudicating all the claims and the rights and liabilities of all the parties, including, specifically, Regal's claim vs. Kutanovski, or granting certification, FRCP 54(b)."

#### The Amendment of the Judgment

On May 29, 1996, plaintiffs' counsel wrote to this Court and requested that the order appealed from "be amended to address and, presumably, dismiss, the third party claims of defendants and third party plaintiffs, Regal Cruises, Ltd. and International Shipping Partners, against third party defendant, Milan Kutanovsky."

On June 3, 1996, this Court entered an order in response to plaintiffs' letter. It noted that the third party claim was derivative of plaintiffs' claim against the owners. (Order, June 3, 1996, at 2) ("When the third-party complaint [is] based on a theory of indemnification or contribution, and when [the plaintiff's] cause of action [is] dismissed with prejudice, any claim based on indemnification or contribution necessarily [falls] by the wayside.") (*Id.* at 2–3) (quoting *Holcomb v. Allis–Chalmers Corp.,* 774 F.2d 398, 400 (10th Cir.1985)). The Court therefore said that dismissal of plaintiffs' claims against defendants therefore effectively dismissed the third-party defendant from the case. Nevertheless, it directed the Clerk to amend the judgment previously entered to clarify that the Court's prior order dismissed the third-party complaint. The amended judgment was signed on June 7 and was entered on June 12, 1996.

#### The Second Appeal

On June 7, 1996, plaintiffs' counsel wrote to the Court of Appeals and requested that "all necessary steps ... be taken to restore the ... case" to the calendar. (Bloom Aff., Sept. 9, 1996, Ex. A) On June 12, 1996, the Court of Appeals sent plaintiffs' counsel a letter enclosing a copy of the judgment and containing instructions as to how to file an appeal, although plaintiffs' counsel denies having received it. In the following days, plaintiffs' counsel received a call from someone in the Second Circuit Clerk's office which

---

1. *Lee v. Regal Cruises, Ltd.,* 916 F.Supp. 300   (S.D.N.Y.1996).

he sought unsuccessfully to return. Finally, plaintiff filed a notice of appeal from the amended judgment on August 15, 1996.

*The Present Motion*

Defendants responded to plaintiffs' August 15, 1996 filing by moving in the Court of Appeals to dismiss the appeal as untimely. That motion is *sub judice.* In the meantime, plaintiffs have moved in this Court for an order (1) finding that the June 7, 1996 letter to the Court of Appeals was a notice of appeal, (2) determining that it was timely, extending the time within which to file a notice of appeal pursuant to FED.R.AP.P. 4(a)(5) and 4(a)(6), and (3) withdrawing this Court's order of June 3, 1996 and the judgment entered thereon.

*Discussion*

The threshold question here is whether this Court has the power to grant any of the relief sought by plaintiffs given the fact that plaintiffs' appeal from the amended judgment entered June 12, 1996 is pending in the Court of Appeals.

■ "As a general matter, '[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *United States v. Rodgers,* 101 F.3d 247, 251 (2d Cir.1996) (quoting *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982)). While the rule is not without limited exceptions, *see id.* at 251–52, there is simply no basis to suppose that this Court may withdraw the order and judgment while the appeal therefrom is before the Court of Appeals. *Toliver v. County of Sullivan,* 957 F.2d 47, 49 (2d Cir.1992) (district court may not grant Rule 60(b) motion while appeal pending without approval of court of appeals). That branch of plaintiffs' motion therefore must be denied.

■ Nor does this Court have any colorable basis for deciding whether plaintiffs' June 7, 1996 letter to the Court of Appeals was a notice of appeal, timely or otherwise. The Court of Appeals manifestly has the power to determine its own jurisdiction. The

matter now is pending before it. Accordingly, that relief is denied as well.

■ Plaintiffs' request for an extension of time within which to file a notice of appeal arguably is not beyond this Court's power despite the pendency of the present appeal. As the Court of Appeals said in *Rodgers,* "[t]he divestiture of jurisdiction rule is ... not a per se rule. It is a judicially crafted rule rooted in the interest of judicial economy, designed 'to avoid confusion or waste of time resulting from having the same issues before two courts at the same time.'" 101 F.3d at 251 (quoting *United States v. Salerno,* 868 F.2d 524, 540 (2d Cir.), *cert. denied,* 491 U.S. 907, 109 S.Ct. 3192, 105 L.Ed.2d 700 (1989)). The touchstone is efficiency. *Id.* Accordingly, this Court assumes, without deciding, that it has the power to extend the time within which to file a notice of appeal notwithstanding the prior filing of an ineffective or untimely notice of appeal which has not yet been disposed of by the Court of Appeals. *See, e.g., Burger King Corp. v. Horn & Hardart Co.,* 893 F.2d 525, 527 (2d Cir.1990) (premature notice of appeal did not oust district court of jurisdiction). This proposition, however, is insufficient to permit relief in this case.

■ FED.R.AP.P. 4(a)(5) permits the district court, upon a showing of excusable neglect or good cause, to extend the time for filing a notice of appeal "upon motion filed not later than 30 days after the expiration of the time prescribed by ... Rule 4(a)." Here, the amended judgment was entered on June 12, 1996. The time to appeal from that judgment expired on July 13, 1996. August 12, 1996 therefore was the last day for filing a Rule 4(a)(5) motion. Plaintiffs' motion, however, was not filed until October 1996. Accordingly, the Court lacks the power to grant relief under Rule 4(a)(5).

That leaves plaintiffs' application under Rule 4(a)(6), which provides:

"The district court, if it finds (a) that a party entitled to notice of the entry of a judgment or order *did not receive such notice* from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion

filed with 180 days of entry of the judgment or order *or within 7 days of receipt of such notice, whichever is earlier,* reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal." (Emphasis added)

In other words, if the putative appellant fails to learn of the appealable order, the district court in appropriate circumstances may extend the time within which to appeal provided the party seeks such an extension within seven days of learning of the order, subject to an absolute 180 day limit on the time for seeking such an extension. The Rule was designed to deal with a circumstance in which a party first learns of the entry of an appealable order after the time for taking the appeal has expired or so close to the expiration of the time to make filing an appeal impracticable.

██ Plaintiffs' difficulty here is that their letter to the Court of Appeals undeniably shows that their counsel learned of the June 7, 1996 judgment on the day it was signed. While the judgment was not entered on the docket for another five days, plaintiffs cannot rely on that fact given their actual knowledge of the amended judgment, the entry of which was a purely ministerial act. Rule 4(a)(6) therefore has no bearing because the time for invoking it expired in June 1996. Accordingly, there is no basis for granting relief under Rule 4(a)(6).

*Conclusion*

Plaintiffs' motion is denied in all respects.

SO ORDERED.